Number 13-1277 et al, New Energy Capital Partners, LLC petitioner versus the Federal Energy Regulatory Commission, Michael Lewis for petitioner, Holly Kafer for respondent. Good morning, Your Honors, and may it please the Court. Michael Lewis from the law firm of Rathiong and Pignatelli in Concord, New Hampshire for New Energy Capital Partners, LLC. This case is primarily about the commissioner's decision to deny my client's motion to intervene in a docket. After articulating a standard that is entirely contradicted by the United States Supreme Court precedent that applies in this case, as well as the statutory law that governs this case. There has been no argument by the commissioner that those decisions should be overturned. Indeed, that the Udall decision, which is a case that we rely primarily upon in our briefing, is not even addressed. It's not addressed by the commissioner. It's not addressed by the intervener. And it stands in complete contrast to the position taken by the commissioner that we're challenging in this case. Can I just get you to focus on the motion, your motion to intervene late? Commission gave two reasons for denying. One was that where to sell project power is just not a relevant issue, so it can't provide a basis for good cause. That was one reason. And then it said, quote, in any case, close quote. Alcoa made known as early as 2002 that it might sell power in the open market. And it gives details about that. So then if I look at your blue brief, you only challenge the first. You don't say anything at all about the second, which was an independent basis for the commission's decision. And under our case law, that's a forfeiture of that argument. You do raise it in your reply brief, but that's too late. In other words, commission gave two reasons for its decision, A and B. They're independent. You challenge A but not B, at least not until your reply brief. That's a forfeiture here. I disagree, Your Honor. I think central to the decision about whether to intervene or whether to grant intervener status or not is a question that goes through the substance of the underlying decision. Yeah, the substance of it. We're reviewing the first decision denied, your motion for late intervention. That's the only thing we're reviewing, at least the issue we're talking about now, right? Yes, Your Honor. But did you see my point? Am I missing something when I ask you the question? No, Your Honor. We feel like we've briefed all of the issues. Well, where in your blue brief did you brief the second point? We believe that because the second point was essentially a showing of the commission's hand regarding the true reason why the decision was rejected, that the lateness argument is not – is essentially not the reason why we were denied intervener status, nor could it be the reason that this Court could rely upon in rendering a conclusion in this case regarding that status. I don't understand what you just said. What I mean to say, Your Honor, is fundamental to the decision to deny us intervener status below was an application of a standard, which was just an error, and it was the reason that we were denied status. What was the standard they applied that was an error? The standard was Alcoa's decision where to sell Project Power is not relevant to – could never be relevant to a decision regarding whether to grant a license or not. Let's assume you're completely right about that. Yes. That is, the commission is dead wrong on that issue. They gave a second reason, which is that Alcoa Power made known that it might sell Power from the Adkin plant as early as 2002. That's what they say. That's their second reason. Correct? Do you agree with that? It is their second reason. Okay. So am I right that that second reason was not challenged in your opening brief here? I don't recall, Your Honor, but it's certainly challenged in our reply brief. But that's too late. It's a clear difference. Do you understand that? I understand it, Your Honor. Okay. And if the court decides not to reverse the commission here, then it will leave unaddressed a major and problematic standard. Well, but that's your problem, not ours. I mean, we hear arguments raised by the parties, and we have very clear rules about raising those arguments. And, in fact, you know, you could have argued in your reply brief that there was some, you know, in extraordinary circumstances, we will consider issues raised for the first time in your reply brief. But you don't even make that case in your reply brief. And neither does the commission in neither of the other parties in this case make the argument, as I remember, that we shouldn't be allowed to challenge. The commission expressly pointed out that you did not challenge this aspect of its decision. Excuse me, Your Honor. My understanding is that the commission expressly pointed out that we didn't challenge the question regarding whether this was a material amendment or not. Well, now you're going into another issue. I was just talking about the motion to intervene. Yes, and perhaps my memory is wrong. But I don't recall that the commissioner pointed out that position. Perhaps I'm wrong about that. You go ahead. Thank you, Your Honor. Even for the case that the court were to consider, the arguments made by the commissioner regarding the timing of our late intervention, those arguments have been scrambled by 28J letter filings that have been submitted to the court, both by the commissioner and the intervener in this case. The commissioner has put before the court a new licensing order, which was handed down on September 22, 2016, and the intervener has put before the court only in the last few weeks the decision, the filing of their transfer request confirming our concern that this is essentially a bait and switch, that what has occurred here is that the premises of the competitive process that is mandated by the Federal Power Act has been gained and that FERC, the commissioner, is not engaging its supervisory powers to ensure that we have a full vetting of what is going to happen with this 50-year license and the assets of the state of North Carolina. And so there will be no review, Your Honor, of this position that they have taken. And we are prejudiced and injured by that. We've been supported by the state of North Carolina in our petition. In fact, below in the commission, the state of North Carolina asked for a re-hearing of the commissioner's decision to deny us intervener status. And we ask that the court very seriously consider the effect to the law in this area of not allowing us intervener status and affirming the commissioner's decision to deny us a position as a competitor inside the docket. I see I'm into my rebuttal. I have one minute and 30 seconds remaining. Thank you. You can preserve your time. Thank you. Good morning, Your Honors. Holly Kafer for the commission. I suppose I can start right out by agreeing that, indeed, the commission's findings on the denial of the motion to intervene were, in fact, alternative. And the commission did point that out in its red cover brief at page 20, explaining that they had not challenged the commission's notice findings. So with that, I think the only other thing that I'd like to address for a minute would be the scope of the case. Just to clarify, we are only here on the denial of the intervention. The commission's position is that the motion to reopen is not properly before the court. But most particularly, the new license issued in September is, of course, not before the court yet. And the transfer application, having not even been ruled on by the commission at this point, is certainly not before the court. With that, if there are no questions from the panel. Thank you. Thank you. Just briefly, Your Honor, if I may. The license order is certainly before the court because it's been placed before the court by the commissioner. And we think it is highly relevant to the health of this docket that the court consider it and review it, particularly page 46 of the licensing order, where the commissioner once again takes the position that what happens with this license, its conveyance and where the project power is sold is not relevant to its decision to grant the license order. And we ask the court particularly to take notice of the fact that there was a July 25, 2016 request to transfer this license entirely, and that that fact is not taken into consideration at all in the licensing order. And so essentially this license could go to a third party without proper review at all from the commission vested with the responsibility for doing so. Thank you, Your Honor. Thank you. The case is submitted.
judges: Tatel, Wilkins, Ginsburg